**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LARRY FIELDS,
     Plaintiff,

     vs.

CINCINNATI POLICE
DEPARTMENT, *et al.*,
     Defendants.

Case No. 1:21-cv-35
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND**
**RECOMMENDATION**

Pro se plaintiff Larry Fields filed a complaint against twenty-three defendants, including a host of City of Cincinnati law enforcement personnel and plaintiff's former property manager, stemming from a February 21, 2019, incident during which Cincinnati police officers responded to plaintiff's residence. Defendants Cincinnati Police Department, Cincinnati Police Records Section, City of Cincinnati, Citizen Complaint Authority, Sergeant Dawn Smalls, Officer Hollis Hudepohl, Officer Rommel Coman, Officer Sean Farris, Sergeant Jeffrey Zucker, Officer Katisha R. Davis, Officer Anthony R. Dawson, Officer Donald J. Brown, Lieutenant Robert Vanhorn, Captain David Fink, Kim Neal, Dena Brown, Officer Jason A. Scott, Diane Bookwalter, Lieutenant Michael Fern, and City Manager Paula Boggs Muething[1] (collectively, the City defendants) filed a motion to dismiss. (Doc. 10). Defendants Fath Properties and Aubrey Durnell (collectively, the Property Management defendants) also filed a motion to dismiss. (Doc. 12). Plaintiff filed identical responses (Docs. 14, 17) to these motions, to which the City defendants and Property Management defendants separately replied (Docs. 15, 18).

All defendants in this action, with the exception of Jhon Leinberger, move to dismiss plaintiff's complaint on the basis that it fails to state a claim for relief under Fed. R. Civ. P.

---

[1] Plaintiff's complaint references only the "Cincinnati City Manager." (Doc. 1 at PAGEID 3).

12(b)(6).  The City defendants also argue that plaintiff's claims are barred by statutory immunity

under the Political Subdivision Tort Liability Act (PSTLA) and that a certain subset[2] are also

barred by the doctrine of *res judicata*.

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less

stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  By the same

token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement."  *Id*. at 557.  The complaint must "give the defendant fair notice of what the . . .

---

[2] The City defendants argue that plaintiff's claims concerning their internal investigation, plaintiff's citizen complaint, and the tri-fold complaint form asserted against defendants Neal, Brown, Cincinnati Police Records Section, Fern, Bookwalter, and Boggs Muething were the subject of prior state court litigation.  (*See* City Defs.' Mot. to Dismiss, Doc. 10 at PAGEID 67) (referencing Docs. 10-1-10-5).

claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

The complaint alleges the following:

> The Cincinnati Police Department, Cincinnati Police Public Records Section, citizen complaint authority, City of Cincinnati, and Fath Properties has allegedly, falsely, intentionally and illegally hindered and conspired against plaintiff hindered those defendants from being held accountable for their actions against plaintiff and plaintiff civil matter and incident on 2-21-2019 at plaintiff's residence 1094 Hillcrest and 1165 Hillcrest Fath Properties managers office after office hours 5:30 PM resulting in and caused and still causing the plaintiff personal injuries and business injuries by the defendants as follows this page.

(Doc. 1 at PAGEID 4). The remainder of the complaint is comprised of short, conclusory, bullet-pointed sentences alleging a series of wrongs perpetrated by the individual defendants.

Although plaintiff alleges various violations of law,[3] the complaint provides no factual content or context from which the Court may reasonably infer that the defendants violated plaintiff's rights. *Iqbal*, 556 U.S. at 678. *See also Bradley v. Ruiz*, No. 1:20-cv-809, 2020 WL 4582699, at *1 (N.D. Ohio Aug. 10, 2020) (dismissing plaintiff's pro se complaint because it did "not set forth cogent factual allegations or legal claims against the defendants."); *Simmons v. Dailey*, No. 1:20-cv-810, 2020 WL 6334465, at *2 (S.D. Ohio Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6741438 (S.D. Ohio Nov. 17, 2020) ("Plaintiff has not alleged sufficient factual content for the Court to infer that defendant was personally involved or acquiesced in any unconstitutional behavior."); *Triplett-Fazzone v. United States*, No. 2:16-cv-1016, 2017 WL 4217160, at *4 (S.D. Ohio Sept. 19, 2017) ("[E]ven when providing a more

---

[3] Plaintiff' alleges, for example, "illegal[] invas[sion of] . . . privacy"; "intentionally mak[ing] false claims"; "harassment"; "burglary"; "intentionally refus[ing] to do a statutory duty of reporting a crime"; "intentionally and fals[e]ly cod[ing] plaintiff . . . 'neighbor trouble'"; "fals[e]ly deliver[ing] plaintiff['s] citizen complaint"; "intentionally and fals[e]ly mak[ing] report[s]"; "intentionally violat[ing] police department policy"; "discriminat[ion]"; "conspir[acy]"; and "refus[ing] to submit plaintiff['s] citizen complaint. . . ." (Doc. 1 at PAGEID 6-11).

liberal construction of plaintiff's Complaint and holding it to a less stringent standard than pleadings drafted by lawyers, her allegations fall far from presenting any plausible claim."). Plaintiff includes certain specificity in terms of the dates/times/locations that alleged actions were taken by defendants (*see, e.g.,* Doc. 1 at PAGEID 6) ("[Defendant] Jhon alledgedy [sic] commits harassment, burglary and invasion of privacy . . . on 2-21-2019 at 6:16 p[.]m. at [addresses]. . . ."). These details, however, amount to legal conclusions that in themselves are insufficient to give the defendants or the Court notice of the factual bases for plaintiff's claims. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.

In addition, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, the defendants are all Ohio residents. Therefore, the complaint does not allege that the citizenship of plaintiff and defendants is diverse. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Although the Court liberally construes pro se litigant filings, dismissal of a complaint is appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (internal citations omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Plaintiff has not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against any of the defendants. *See Twombly*, 550 U.S. at 555. The Court therefore recommends that plaintiff's complaint be dismissed as to the City defendants and Property Management defendants for failure to state a claim upon which relief can be granted.[4] *See* Fed. R. Civ. P. 12(b)(6).

Finally, the docket does not reflect that service has been perfected upon remaining defendant Leinberger. Proper service of process is required in order for this Court to obtain in personam jurisdiction over each defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). Plaintiff bears the burden of exercising due diligence in perfecting service of process and of showing that proper service has been made. *See Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994); *see also Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In the absence of a showing of good cause justifying the failure to timely serve the complaint, the Court must either dismiss the complaint without prejudice or direct that service of process be effected within a specified time. *See* Fed. R. Civ. P. 4(m). Rule 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a

---

[4] For this reason, the Court need not discuss the City defendants' additional bases for dismissal.

specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff's complaint was filed on January 15, 2021. (Doc. 1).  Under Rule 4(m), plaintiff had until April 15, 2021, to serve defendant Leinberger.  Accordingly, plaintiff is hereby notified that the Court proposes to also recommend dismissal of this action against defendant Leinberger pursuant to Rule 4(m).  Plaintiff is **ORDERED** to show cause, in writing, within twenty (20) days of the entry of this Order why his complaint should not be dismissed against defendant Leinberger.

**IT IS THEREFORE RECOMMENDED THAT:**

The City and Property Management defendants' motions to dismiss (Docs. 10, 12) be **GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff show cause, in writing and within twenty (20) days of the entry of this Order, why his complaint should not be dismissed against defendant Leinberger.

**IT IS SO ORDERED.**

Date: 6/4/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LARRY FIELDS,                                                    Case No. 1:21-cv-35
      Plaintiff,                                        Barrett, J.
                                                                 Litkovitz, M.J.

      vs.

CINCINNATI POLICE
DEPARTMENT, *et al*.
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).