**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Larry Fields,

    Plaintiff,

    v.

Cincinnati Police Department, *et al.*,

    Defendants.

Case No. 1:21-cv-35

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's June 7, 2021 Report and Recommendation ("R&R") (Doc. 19); July 6, 2021 Order and R&R (Doc. 25); and Plaintiff's "Claim against Judge Karen Litkovitz for violation of the Administrative procedures act of 1946 obstruction of the administration of justice and violation of constitutional rights under color or [sic] law deciding without jurisdiction." (Doc. 20).

### I.    BACKGROUND

Plaintiff filed a *pro se* complaint bringing a variety of causes of action based on civil rights violations against twenty-three defendants, including City of Cincinnati law enforcement and Plaintiff's former property manager. Plaintiff's claims stem from an incident in which police officers responded to Plaintiff's residence on February 21, 2019.

Plaintiff alleges that Defendant Aubree Durnell, working as the property manager, permitted Defendant Jhon Leinberger to enter Plaintiff's residence absent notice or permission from Plaintiff. Plaintiff further alleges that Leinberger proceeded to harass the Plaintiff as well as commit "burglary and invasion of privacy." Cincinnati Police Department officers then arrived on the scene, and Plaintiff allegedly informed the

responding officers that Leinberger had committed several crimes. After investigating, the officers declined to file harassment, burglary, or invasion of privacy charges against Leinberger. Plaintiff filed a Complaint with Defendant Citizen Complaint Authority, and the police department conducted an internal investigation into the matter.

Plaintiff alleges that Defendants "falsely, intentionally, and illegally hindered and conspired" against Plaintiff in declining to bring criminal charges against Defendant Leinberger. Plaintiff also alleges that the internal investigation and report was intentionally forged and fraudulent, that his citizen complaint was falsified, and that he failed to receive a tri-fold brochure from the City of Cincinnati Police. As relief, Plaintiff seeks the maximum amount deemed by the Court sufficient to "safely relocate residence and business out of Cincinnati, Ohio for security reasons." (Doc. 1).

Defendants filed two separate Motions to Dismiss. (Doc. 10 & Doc. 12). The first Motion to Dismiss (Doc. 10) was filed by Defendants Diane Bookwalter, Dena Brown, Officer Donald J. Brown, Cincinnati City Manager, Cincinnati Police Department, Cincinnati Police Records Section, Citizen Complaint Authority, City of Cincinnati, Officer Rommel Coman, Officer Katisha R. Davis, Officer Anthony R. Dawson, Officer Sean Farris, Lt. Michael Fern, Captain David Fink, Officer Hollis Hudepohl, Kim Neal, Officer Jason Scott, Sergeant Dawn Smalls, Lt. Robert Vanhorn, and Officer Jeffery Zucker ("City Defendants"). The second Motion to Dismiss (Doc. 12) was filed by Defendants Aubrey Durnell and Fath Properties ("Property Management Defendants").

In the City Defendants' Motions to Dismiss (Doc. 10), the City Defendants detailed three justifications for dismissal of Plaintiff's Complaint: 1) Plaintiff's Complaint fails to state a cognizable claim for which relief can be granted; 2) *res judicata* bars Plaintiff's

2

claims against them; and 3) they are entitled to immunity under Ohio Revised Code Chapter 2744.

In the Property Management Defendant's Motion to Dismiss (Doc. 12), the Property Management Defendants assert that Plaintiff's Complaint (Doc. 1) should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, Property Management Defendants argue that Plaintiff's Complaint failed to allege sufficient facts as required under Civil Rule 8 and therefore does not meet the requisite standard for the Court to afford relief.

On June 7, 2021, Magistrate Judge Karen L. Litkovitz entered a R&R (Doc. 19) which recommended that both the City Defendants and Property Management Defendants' Motions to Dismiss (Docs. 10, 12) be granted. Construing Plaintiff's *pro se* complaint liberally, and considering it under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009), the Magistrate Judge concluded that Plaintiff failed to state a claim against the City Defendants and Property Management Defendants.[1] Further, the Magistrate Judge ordered that Plaintiff show cause in writing, within twenty days why his claims against Defendant Leinberger should not be dismissed for failure to perfect service.

On June 15, 2021, Plaintiff filed a "Claim against Judge Karen Litkovitz for violation of the Administrative procedures act of 1946 obstruction of the administration of justice and violation of constitutional rights under color or [sic] law deciding without jurisdiction." (Doc. 20). In this filing, Plaintiff states that the Magistrate Judge "violated the

---

[1] The Magistrate Judge explained it was unnecessary to discuss the City Defendant's other reasons for dismissal.

3

administrative procedure act of 1946, and obstructed the administration of justice when she acted in this civil case without legal consent in violation of 28 USC (636) and Fed R. Civ. P. 73." (Doc. 21).

Then, on June 16, 2021, Plaintiff filed a Notice of Appeal seeking to appeal the Magistrate Judge's June 7, 2021 Order. (Doc. 22).

On July 6, 2021, Magistrate Judge Karen L. Litkovitz entered a second R&R, noting that Plaintiff had failed to respond to the order to show cause; and recommending that Plaintiff's claims against Defendant Leinberger be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to perfect service. (Doc. 25). The Magistrate Judge further recommended that this action be dismissed against Defendant Leinberger with prejudice for lack of prosecution.

On July 28, 2021, United States Court of Appeals for the Sixth Circuit dismissed Plaintiff's appeal because the parties did not give the Magistrate Judge plenary jurisdiction, and therefore, "any review of a magistrate judge's ruling lies with the district judge." (Doc. 26) (citing *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (per curium)).

II. ANALYSIS

A. Standard of Review

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden,*

4

*Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).

"A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal to this court if it fails to file an objection." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Here, the Magistrate Judge notified Plaintiff that "[p]ursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." (Doc. 19 at 7; Doc. 25 at 3). However, Plaintiff did not file specific objections, but instead filed a "Claim against Judge Karen Litkovitz for violation of the Administrative procedures act of 1946 obstruction of the administration of justice and violation of constitutional rights under color or [sic] law deciding without jurisdiction" (Doc. 20) and a Notice of Appeal (Doc. 22). Plaintiff does not address any portion of the June 6, 2021 R&R. Therefore, the Court concludes that Plaintiff has not filed objections to the

5

Order and R&R issued by the Magistrate Judge on June 6, 2021 (Doc. 19) or the R&R issued by the Magistrate Judge on July 6, 2021 (Doc. 25). As a consequence, the Court need not conduct a *de novo* review of any portion of the Magistrate Judge's Order or R&R. *Accord Thomas v. Arn*, 474 U.S. 140, 150, 149-50, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

To the extent that Plaintiff questions the Magistrate Judge's authority, Congress has authorized Article III judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." 28 U.S.C. § 636(b)(1)(A). While magistrate judges may not "determine" motions to dismiss, when those matters have been referred to a magistrate judge, the magistrate judge may submit to the Article III judge "proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B) (explaining that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)"). While the parties are permitted to file specific written objections to the proposed findings and recommendations, Plaintiff did not do so here. Therefore, Plaintiff's "claim" against the Magistrate Judge is not well-founded.

### III.     CONCLUSION

Having reviewed the Magistrate Judge's Order and R&Rs, and having received no objections, the Magistrate Judge's June 7, 2021 Order and R&R and July 6, 2021 R&R (Docs. 19, 25) are **ADOPTED** in their entirety. It is hereby **ORDERED** that:

1. The City and Property Management Defendants' Motions to Dismiss (Docs. 10, 12) are **GRANTED**;

    a. The claims against these Defendants are dismissed with prejudice for failure to state a claim;

2. This action is **DISMISSED** against Defendant Leinberger pursuant to Fed. R. Civ. P. 4(m) for failure to perfect service.

    a. Dismissal of the claim against Defendant Leinberger is with prejudice for lack of prosecution; and

3. This matter is **CLOSED** and **TERMINATED** from the active docket of the Court.

    **IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                       JUDGE MICHAEL R. BARRETT